THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

HUMBERTO LOPEZ RODRIGUEZ,

          Defendant.

CASE NO. CR20-0107-JCC-2

ORDER

This matter comes before the Court on Defendant's objections (Dkt. No. 234) to the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 232). Having thoroughly considered the relevant record, the Court hereby OVERRULES Defendant's objections, ADOPTS the R&R, and DENIES Defendant's motion to withdraw his guilty plea (Dkt. No. 231), for the reasons explained herein.

The facts and procedural history of this case are described in Judge Tsuchida's R&R, (*see generally*, Dkt. No. 232 at 1–2), and the Court will not repeat them here. In Defendant's motion, he contends he would not have pled guilty if he knew his admission under oath that the $61,072 seized from his residence are proceeds of drug trafficking might inhibit third-party claims on the forfeiture. (*Id*. at 2.) Judge Tsuchida rejected this contention on the grounds that the Defendant was made aware of the consequences of a guilty plea on the forfeited property. (*Id*. at 3–5.)

Defendant timely objected to the R&R (Dkt. No. 234.) The Court reviews *de novo* those

portions of a R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). A party properly objects by timely filing "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See Simpson v. Lear Astronics Corp*, 77 F.3d 1170, 1175 (9th Cir. 1996).

Defendant objects to Judge Tsuchida's finding that third parties have lost their chance to challenge the forfeiture of the $61,072. (Dkt. No. 232 at 5.) But as the Defendant conceded, "whether the claim is time barred is beside the point, since the **critical question is what the Defendant knew or didn't know at the time of the plea**." (Dkt. No. 234 at 5) (emphasis added). In that regard, Judge Tsuchida concluded that Defendant voluntarily, knowingly, and intentionally with sufficient awareness of the relevant circumstances and likely consequences, pleaded guilty. (Dkt. No. 232 at 4–5); *see Tanner v. McDaniel*, 493 F. 3d 1135, 1146 (9th Cir. 2007). Defendant's objection to this finding merely reiterates and summarizes the previous arguments and points to no specific error by Judge Tsuchida. (*Compare* Dkt. No. 234, *with* Dkt. No. 231). Thus, they amount to no objection at all, since they do not focus the Court's attention on any specific issues for review, and they provide the Court without a basis to reject the R&R. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Court OVERRULES Defendant's objections (Dkt. No. 234), ADOPTS Judge Tsuchida R&R (Dkt. No. 232), and DENIES Defendant's motion to withdraw his guilty plea (Dkt. No. 231).

//

//

//

ORDER
CR20-0107-JCC-2
PAGE - 2

DATED this 19th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE